UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SANDRENA EVANS

CIVIL ACTION

VERSUS

NO. 24-917-JWD-RLB

EAST BATON ROUGE PARISH
HOUSING AUTHORITY, ET AL.

### ORDER AND JUDGMENT OF DISMISSAL

Plaintiff Sandrena Evans ("Plaintiff") has failed to prosecute her case and to follow Court orders. Therefore, this case will be dismissed without prejudice on the Court's own motion under Federal Rule of Civil Procedure 41(b).

On September 29, 2025, Plaintiff's attorney, James Word, II, filed a *Motion to Withdraw as Counsel* (Docs. 25, 27), wherein he stated that Plaintiff "has refused to participate in discovery or provide . . . the information necessary for counsel to fulfill professional obligations." (Doc. 27-1 at 1.) At a Show Cause Hearing on October 21, 2025, the Court "received an update from Mr. Word regarding his interactions with his client." (Doc. 29 at 2.) Mr. Word represented to the Court that Plaintiff was supposed to visit Mr. Word's office on September 18, 2025, but "did not appear." (*Id.*) Mr. Word also represented to the Court that he subsequently texted Plaintiff but did not receive a response. (*Id.*) The Court ordered Mr. Word to "attempt to reach his client by sending written correspondence by regular mail" and to "text[] and call[] her to find out if she wishe[d] to proceed with [her] case." (*Id.*) Mr. Word was to notify the Court by November 4, 2025, of his efforts to contact Plaintiff. (*Id.*; *see also* Doc. 30.)

On November 7, 2025, Mr. Word informed the Court of "recent difficulties in communicating with [Plaintiff]." (Doc. 31 at 1.) He explained:

> Despite multiple attempts to contact [Plaintiff] by phone, email, and other means, she has not responded to my messages. It appears that she may have blocked my calls and is otherwise avoiding communication.

1

*Sandrena Evans via e-mail*

> Specifically, in addition to text, phone calls, and emails, on October 30th 2025 [sic] I personally saw Ms. Evans at a [state-court] hearing . . . . I approached her at that time in an effort to discuss the present civil matter, but she declined to speak with me regarding the case.
>
> At this time, I am unable to determine whether [she] wishes to proceed with her case. I have advised her previously of upcoming deadlines and her obligations to participate in discovery and other aspects of the litigation.

(*Id.* at 1–2.)

The Court therefore set a Status Conference by Zoom for December 10, 2025. (Doc. 32 at 1.) In addition, it ordered the following: (1) Plaintiff was to attend the Status Conference "in order to inform the Court whether she wishe[d] to proceed with the case." (*Id.*) (2) Mr. Word was to serve a copy of the Court's Order on Plaintiff and to provide her with information necessary to attend the Zoom Status Conference. (*Id.* at 2.) (3) The Clerk of Court was to forward a copy of the Order and the Zoom information to Plaintiff's e-mail address, provided to the Court by Mr. Word in his *Motion to Withdraw as Counsel* (Docs. 25, 27).[1] (Doc. 32 at 2.) In its Order, the Court also cautioned that, if Plaintiff did not attend the Status Conference, the Court might enter an order of dismissal. (*Id.* at 1.)

On December 10, 2025, the Court held the Status Conference, as originally scheduled. (Doc. 33 at 1.) Plaintiff failed to appear, "despite proper notice having been issued by the Clerk of Court." (*Id.* (citing Doc. 32).) Nor did Plaintiff ever request that the hearing be rescheduled. The Status Conference remained open for 15 minutes. (*Id.* at 2.) During that period, Mr. Word represented to the Court that he "ha[d] not had recent communication with Plaintiff" but that he had tried to reach her via e-mail. (*Id.* at 1.) He also told the Court that he had "attempted to visit Plaintiff's residence" but that, "upon observing that her vehicle was not present," he did not approach her apartment. (*Id.*) Mr. Word again stated that he had seen Plaintiff in person at a state-court hearing in late-October, at

---

[1] The Court was/is aware of only one physical address for Plaintiff. (*See* Doc. 27-1 at 2.) Based on the *Complaint*, it is the address from which Plaintiff was allegedly wrongfully evicted by Defendants. (Doc. 1 at ¶¶ 1–2, 50.) Consequently, the Court did not order service by regular mail.

2

which time he tried—unsuccessfully—to speak with her about the instant case. (*Id.*) Mr. Word "expressed his belief that Plaintiff does not presently consider this case to be a priority." (*Id.* at 2.)

In light of Mr. Word's representations to the Court—and given Plaintiff's failure to attend the Status Conference, despite having been so ordered—the Court deemed dismissal appropriate. (*Id.*) The Court ordered Mr. Word to file a written notice providing Plaintiff's physical address on or before December 12, 2025. (*Id.*) The Court indicated that, upon receipt of the filing, it would "issue a written ruling dismissing this matter **without prejudice**." (*Id.*) The Court also explained that such dismissal would "render **moot** Attorney James Word's pending Motion to Withdraw as Counsel." (*Id.*) On December 12, 2025, Mr. Word filed a written notice, wherein he represented to the Court that he had "made repeated attempts to contact Plaintiff" by phone, text, e-mail, and written correspondence, all of which were unsuccessful. (Doc. 34 at 1.) Mr. Word also stated:

> The last confirmed physical mailing address for Plaintiff known to counsel is 5958 Cadillac Street, Apartment 11016 Baton Rouge ,LA, 70811 [sic]. However, counsel is aware that Plaintiff has resided at a different apartment complex located in Baton Rouge Louisiana [sic]. However, counsel does not have a unit number or verified street address for that location and cannot confirm Plaintiff's current residence there.
>
> In compliance with the Court's directive, counsel will send written notice to Plaintiff at the last confirmed mailing address listed above, as well as an email, advising her of the dismissal without prejudice and the limited time period provided by the Court for her to contact the Court directly. A copy of this letter has been submitted as [sic] to Pacer as well.

(*Id.* at 1–2.)[2]

The history of this case and Mr. Word's representations to the Court show that Plaintiff has failed to take appropriate action to prosecute her claims. Federal Rule of Civil Procedure 41(b) provides for dismissal of a suit under these facts:

---

[2] Again, the Court notes that the physical mailing address provided by Mr. Word is, according to the *Complaint*, the address from which Plaintiff was evicted by Defendants. (Doc. 1 at ¶¶ 1–2, 50.) The Court is therefore only aware of two means of contacting Plaintiff, both provided by Mr. Word. (*See* Doc. 27-1 at 2.) These are Plaintiff's e-mail address and phone number. (*See id.*) For this reason, the Court previously directed the Clerk of Court to forward notice (of the Status Conference) to Plaintiff's e-mail address. And here, too, the Court has instructed the Clerk of Court to forward notice to Plaintiff's e-mail address.

3

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

A district court may dismiss a case on its own motion under Rule 41(b). *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962) ("Fed. R. Civ. P. 41(b) authorizes the district court to dismiss a claim for failure of prosecution. Although the rule speaks of dismissal pursuant to a motion by the defendant, a district court may dismiss *sua sponte*, with or without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." (footnote omitted))).

Mr. Word represented that he has not been able to contact Plaintiff and has "expressed his belief that Plaintiff does not presently consider this case to be a priority." (Doc. 33 at 2.) And Plaintiff did not attend the Status Conference, even though she was ordered to do so and even though she was notified that her claims might be dismissed if she did not comply.

Accordingly,

**IT IS ORDERED** that the above-captioned lawsuit be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b) for Plaintiff Sandrena Evans's failure to comply with this Court's order and failure to prosecute her case.

**IT IS FURTHER ORDERED** that Plaintiff Sandrena Evans shall have the right to seek reinstatement of her claims within thirty (30) days of this Order and Judgment of Dismissal upon a showing of good cause, made in writing and filed into the record.

**IT IS FURTHER ORDERED** that Attorney James Word, II's *Motion to Withdraw as Counsel* (Docs. 25, 27) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Order and Judgment of Dismissal to Plaintiff Sandrena Evans via e-mail: sbutler231984@gmail.com.

Signed in Baton Rouge, Louisiana, on <u>December 16, 2025</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**